**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**WAYCROSS DIVISION**

LINDBERG PRESCOTT,

Plaintiff,

v.

UNIT MANAGER ROWELL, et al.,

Defendants.

CIVIL ACTION NO.: 5:25-cv-61

**ORDER AND REPORT AND RECOMMENDATION**

Plaintiff filed an Amended Complaint. Doc. 35. Any amended complaint is subject to frivolity review, and the Court now conducts its frivolity screening under 28 U.S.C. § 1915A. For the reasons stated below, I **RECOMMEND** the Court **DISMISS** Plaintiff's newly added claims against Defendants Slayton, Dannelly, Malkin, Etheridge, Georgia Department of Corrections, Fulton County Superior Court, and State of Georgia.

Defendants filed a Motion for Clarification, asking the Court about the status of Plaintiff's claims given the existence of the Amended Complaint on the docket. Doc. 42.

I **GRANT** Defendants' Motion. If my Recommendation is adopted, then the original Complaint, doc. 1, will be the operative pleading in this case.[1]

Plaintiff also filed two Motions for Discovery, docs. 41, 45, and a Motion to Serve Added Defendants, doc. 46. I **DENY** Plaintiff's requests.

**BACKGROUND**

Plaintiff filed his initial Complaint on June 26, 2025. Doc. 1. The Court conducted a frivolity screening and ordered service on November 24, 2025. Doc. 14. Defendants filed their Answer on March 4, 2026. Doc. 31. Plaintiff then filed the Amended Complaint on March 23, 2026. Doc. 35. In the Amended Complaint, Plaintiff states, under a heading of "Amended Claims": "false imprisonment, U.S.C. 5th Amend. Violation, Georgia Constitution violation." Doc. 35 at 1. Then, under a heading of "Added Defendants," he lists six new parties: Lewis Slayton, Angela Dannelley, Brad Malkin, Phillip Etheridge, the Georgia Department of Corrections, Fulton County Superior Court, and the State of Georgia. Id. Plaintiff also filed a Motion for "Summons, Subpoena[,] and [to] Serve Added Defendants." Doc. 46. In the Motion, Plaintiff lists the same new Defendants that he lists in his Amended Complaint. Id. at 2.

---

[1] Plaintiff styled his Amended Complaint as an "amendment of claims and adding of parties/defendants." Doc. 35. To be clear, the Amended Complaint adds to the claims asserted in the original Complaint, doc. 1, and does not replace the original Complaint.

## DISCUSSION

### I. Plaintiff's Amended Complaint

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*. 28 U.S.C. §§ 1915A(a), 1915(a). During the initial screening, the court must identify any cognizable claims in the complaint. 28 U.S.C. § 1915A(b). Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief. Id. The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact." Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006). In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To state a claim, a complaint must contain "more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

In the Amended Complaint, Plaintiff names several new Defendants but makes no factual allegations at all. Plaintiff merely provides list of laws and a list of Defendants. The Eleventh Circuit Court of Appeals has held a district court properly dismisses a defendant where a plaintiff fails to state any allegations that associate the defendant with a legal wrong. Douglas v. Yates, 535 F.3d 1316, 1321–22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."). Because Plaintiff makes no factual allegations regarding any of these Defendants, I **RECOMMEND** the Court **DISMISS** Plaintiff's newly added claims. I further **DENY** Plaintiff's Motion to Serve Added Defendants, doc. 46.[2]

## II. Plaintiff's Pretrial Motions

Plaintiff separately filed two Motions for Discovery, requesting indictments, trial transcripts, prison records, medical records, financial records, and prior motions. Doc. 41. Plaintiff also requests grand jury transcripts. Doc. 45. I previously denied multiple of Plaintiff's prior motions for discovery. Docs. 16, 20, 27, 30. I instructed Plaintiff to heed the Court's Order directing service of the Complaint for instructions on how to

---

[2] Even if Plaintiff stated a valid legal claim against these new Defendants, the Court would order service of the Amended Complaint of its own accord, so a Motion requesting service would be unnecessary.

conduct discovery and further instructed him to request discovery from Defendants in accordance with the Federal Rules of Civil Procedure and this Court's Local Rules. Doc. 30 at 1. In the service Order, I specifically stated: "Plaintiff does not need the permission of the Court to begin discovery, and Plaintiff should begin discovery promptly and complete it within this time period." Id. As before, I urge Plaintiff to read the Court's prior instructions carefully. I further **DENY** Plaintiff's Motions for Discovery, docs. 41, 45.

**SO ORDERED** and **REPORTED AND RECOMMENDED**, this 7th day of October, 2026.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA